UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MELISSA BROOKS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 19-12231-LTS |
| CITIZENS BANK OF MASSACHUSETTS, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON MOTION TO AMEND THE COMPLAINT (DOC. NO. 21)
AND MOTION TO DISMISS (DOC. NO. 5)

February 20, 2020

SOROKIN, J.

Pending before the Court are Citizens Bank of Massachusetts's Motion to Dismiss for Failure to State a Claim and Melissa Brooks's Motion for Leave to Amend her Complaint.

I.   BACKGROUND

For the purposes of these motions, the Court assumes the facts in the proposed amended complaint are true. A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 79 (1st Cir. 2013).

In 2006, Melissa Brooks took out a home equity loan with Citizens Bank of Massachusetts ("Citizens") in the amount of $40,000. Doc. No. 21-1 ¶ 3. After years of making payments, Brooks completed a modification to this loan on May 1, 2012. Id. ¶¶ 4, 4(ii). To the remaining balance of $34,273.90, Citizens allegedly added $23,380.87 in capitalization fees and $17,707.41 in legal fees. Id. Brooks alleges that the addition of these fees was negligent. Id. Brooks also claims that she did not discover these additional fees until "sometime in 2015" and that Citizens negligently continued to charge her fees into 2017. Id. ¶¶ 5, 7.

In August 2019, Brooks filed a complaint in Massachusetts Superior Court alleging fraud against Citizens. Doc. No. 10 at 10. Citizens removed to this Court, Doc. No. 1, and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Doc. No. 5. Brooks did not respond to this motion. She instead seeks to amend her complaint so that it sounds in common law negligence and contract. Doc. No. 21.

II.     LEGAL STANDARDS

As she concedes, Brooks requires leave to amend her complaint. Fed. R. Civ. P. 15(a)(2).[1] On a motion to amend the pleadings, courts "should freely grant leave when justice so requires." Id. However, the Court can deny the motion if amendment would be futile. United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). Amendment is futile where the relevant statute of limitations has elapsed. Roberts v. Islam, 129 F. Supp. 3d 1, 3 (D. Mass. 2015). Typically, at this early stage in the proceedings, a Rule 12(b)(6) motion to dismiss is the standard for futility. Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001). Where the proposed amended complaint would not survive a motion to dismiss, "leave need not be granted." Chawla v. Pitter, No. 14-14303, 2015 WL 6509119, at *1 (D. Mass. Oct. 28, 2015). Ultimately, for a complaint to survive a motion to dismiss, it must state a claim that is "plausible on its face" which goes beyond conclusory statements about the cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550

---

[1] A party may amend as a matter of course within 21 days of service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). Citizens filed its motion to dismiss on November 4, 2019. Doc. No. 5. Brooks first moved to amend on December 13, 2019. Doc. No. 14. She superseded that filing with a motion seeking further leave to amend three days later. Doc. No. 18. That motion was denied without prejudice for failing to comply with the Local Rules. Doc. No. 20. However, even Brooks's earliest request to amend came more than 21 days after the motion to dismiss.

U.S. 544, 570 (2007)). See also Maddox, 732 F.3d at 81 (finding that when allegations have no factual content, they are too conclusory to state a claim).

III.   DISCUSSION

Brooks's Motion for Leave to Amend is denied for two reasons. First, the proposed amended complaint fails to meet the pleading standards of Rule 12(b)(6). Second, each claim in the proposed complaint is time-barred.

In her two-page proposed amended complaint, Brooks claims both negligence and breach of contract. Doc. No. 21-1 ¶¶ 7, 10. She does not allege facts to support either claim other than the sums related to the modification in 2012. She asserts that Citizens negligently added $41,088.22 in fees, but she does not provide any other information about the modification. Id. ¶ 4(ii). She does not set out any explicit terms of the modified agreement, nor does she describe what representations, if any, Citizens made to her. She then asserts, without further detail, that these additional sums were a breach of the original loan agreement. Id. ¶ 9. Absent these or other supporting facts, the proposed amended complaint fails to plausibly state either claim. See Salvidar v. Racine, 818 F.3d 14, 20-21 (1st Cir. 2016) (finding that plaintiff must allege duty, breach, resulting damage, and causation to state negligence claim under Massachusetts law); Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 16 (D. Mass. 2004) (dismissing breach of contract claim where complaint did not identify specific contract provision breached). Therefore, the proposed amended complaint would not survive a Rule 12(b)(6) motion to dismiss, and amendment is futile.

Furthermore, both claims are time-barred. Claims for negligence must be brought within three years of the alleged injury. Mass. Gen. Laws ch. 260, § 2A. Breach of contract claims must be brought within six years of the alleged breach. Mass. Gen. Laws ch. 260 § 2.

By claiming she was unaware of these fees until 2015, Brooks attempts to preserve her claims with the discovery rule. Doc. No. 21-1 ¶ 5. The discovery rule stalls the running of the limitations period in three circumstances: "[1] where a misrepresentation concerns a fact that was inherently unknowable to an injured party; [2] where a wrongdoer breached some duty of disclosure; or [3] where a wrongdoer concealed the cause of action through some affirmative act done to deceive." Patsos v. First Albany Corp., 741 N.E.2d 841, 846 (Mass. 2001). Under the "inherently unknowable" standard, the statute of limitations begins when the plaintiff knows or should know that she has suffered harm. Albrecht v. Clifford, 767 N.E.2d 42, 49 (Mass. 2002).

It was Brooks's obligation as the plaintiff and the person invoking the discovery rule to plead facts supporting that invocation. The proposed amended complaint does not allege any facts that plausibly show why the injury caused by the 2012 modification was "inherently unknowable." The proposed amended complaint also fails to disclose facts that suggest misrepresentation or other circumstances to explain the timing of her discovery of the breach of contract. Brooks merely states that she "did not discover" the injury until "sometime in 2015."[2] Furthermore, the proposed amended complaint nowhere suggests facts to support either a breach of a duty of disclosure or deception that concealed a cause of action. Therefore, Brooks is unable to avail herself of the discovery rule, and both claims in the proposed amended complaint are time-barred.

Having determined that leave to amend should be denied as futile, the Court now considers Citizens's Motion to Dismiss Brooks's original complaint. Doc. No. 5. The original

---

[2] Brooks also avers that she made payments into 2017, even though Citizens continued to negligently add fees. The proposed amended complaint does not say when in 2017 these additional fees were discovered. Even if a new claim could arise upon this later discovery, the amended complaint does not allege enough facts to establish a claim within two years of the filing of the first complaint. This cannot survive a Rule 12(b)(6) motion to dismiss.

complaint does not contain any materially different facts, but it alleges common law fraud instead of breach of contract and negligence. Doc. No. 10 at 10 ¶ 5. Therefore, that complaint suffers from the same pleading deficiencies, which are amplified by the heightened pleading requirement of particularity necessary to state fraud claims.[3] Fed. R. Civ. P. 9(b). Moreover, the fraud claim is time-barred. Mass. Gen. Laws ch. 260 § 2A (stating three-year statute of limitations for tort actions).

IV.     CONCLUSION

As the proposed amendments fail to state timely claims that could survive a Rule 12(b)(6) motion to dismiss, amendment is futile. Therefore, Brooks's Motion to Amend Her Complaint, Doc. No. 21, is DENIED,[4] and Citizens's Motion to Dismiss for Failure to State a Claim, Doc. No. 5, is ALLOWED.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

---

[3] Additionally, Brooks, who is represented by counsel, failed to oppose the motion to dismiss on its merits.

[4] The Clerk shall terminate the first iteration of the motion to amend (Doc. No. 14), as it has been superseded by Brooks's subsequent motions.